UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN TILLMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:24-cv-01452-TWP-MG |
| | ) |
| AWH LOGISTICS LLC, | ) |
| LANTER WAREHOUSE, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING MOTION TO DISMISS AND
DENYING PENDING MOTIONS AS MOOT**

This matter is before the Court on Defendant AWH Logistics LLC's ("AWH") Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6) (Dkt. 48). Also before the Court are AWH's Motion for Leave to Amend Response (Dkt. 63) and *pro se* Plaintiff Benjamin Tillman's ("Tillman") Request to Take Judicial Notice (Dkt. 52) and Motion for Sanctions and/or Default Judgment against Defendant Lanter (Dkt. 70). Tillman initiated this action on August 23, 2024, asserting a claim for failure to arbitrate under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 against Defendant AWH Logistics/Lanter Warehouse (Dkt. 1). It was later clarified that AWH and Lanter Warehouse were separate defendants. (Dkt. 23, 24). For the reasons explained below, AWH's Motion to Dismiss is **granted**, and the parties' remaining motions are **denied as moot**.

**I.    BACKGROUND**

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in favor of Tillman as the non-moving party. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Tillman was formerly an independent contractor for Defendants. He initiated this action on August 23, 2024, asserting a claim for failure to arbitrate under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4 (Dkt. 1). He alleges that after arbitration was initiated with the American Arbitration Association ("AAA"), AWH failed to pay its portion of the AAA's fees, which led to the AAA administratively closing the arbitration (Dkt. 1-1 at 1–7). Tillman argues that AWH's failure to pay the fees constitutes a failure to arbitrate, and he seeks an order compelling Defendants to pay the fees and arbitrate.

In the Entry of November 15, 2024, the Court screened Tillman's Complaint and allowed his Section 4 claim to proceed (Dkt. 19 at 4–5). The Court gave Tillman two opportunities to amend his complaint and, both times, stated that any amended complaint must conform to certain guidelines and that the amended complaint should include all of Tillman's claims in a single document. *Id.* at 5; (Dkt. 32 at 2–3). However, both amended complaints failed to conform to the guidelines described in the Court's entries and primarily consisted of a narrative of legal citations. Tillman's amended complaints were therefore stricken from the record, and this action proceeded only as to the Section 4 claim asserted in Tillman's original Complaint (Dkt. 32; Dkt. 43).

AWH now moves to dismiss Tillman's Section 4 claim (Dkt. 47). AWH also moves for leave to amend or correct its answer to the Complaint, pending the Court's ruling on the Motion to Dismiss (Dkt. 63). Additionally, Tillman has filed a Request for Judicial Review (Dkt. 52) and a motion for sanctions and/or default judgment against Lanter Warehouse (Dkt. 70).

## II.     DISCUSSION

AWH argues that Tillman's claim under Section 4 of the FAA must be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. Specifically, AWH argues that Tillman has failed to allege facts establishing the Court's jurisdiction over his underlying claims against it,

2

and that AWH's refusal to pay the AAA's fees does not constitute a failure to arbitrate under Section 4. The Court will address AWH's two arguments in turn.

Section 4 of the FAA provides that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, *save for such agreement*, would have jurisdiction." 9 U.S.C. § 4 (emphasis added). AWH argues that Tillman has not alleged that this Court would have jurisdiction over his underlying claims "save for" the parties' arbitration agreement. Although Tillman's Complaint does not contain explicit jurisdictional allegations for his underlying claims, the Court construes *pro se* filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Based on the filings in this case, the Court can discern that Tillman is a citizen of Florida (Dkt. 1 at 3), AWH is a citizen of Indiana (Dkt. 6), and the amount in controversy exceeds $75,000.00 (Dkt. 53 at 2). *See* 28 U.S.C. § 1332. The Court is therefore satisfied that it may exercise diversity jurisdiction over Tillman's underlying claims against AWH.

The Court, however, agrees with AWH that this case must be dismissed for failure to state a claim. AWH argues that its failure to pay the AAA's fees "is a legitimate ending to an arbitration proceeding." (Dkt. 48 at 6). Pursuant to recent, binding precedent from the Seventh Circuit Court of Appeals, AWH is correct. In *Wallrich v. Samsung Electronics America, Inc.*, the plaintiffs initiated an arbitration with the AAA against Samsung. 106 F.4th 609, 613 (7th Cir. 2024). Samsung, like AWH, refused to pay the AAA's filing fees, so the AAA terminated the arbitration proceedings. The *Wallrich* plaintiffs, like Tillman, sued under Section 4 of the FAA to compel Samsung to pay the fees and arbitrate. The district court ordered Samsung to pay the fees and arbitrate, but the Seventh Circuit reversed the district court's order.

3

The Seventh Circuit explained that Section 4 only allows a court to order the parties to arbitrate "in the manner provided for in [their arbitration] agreement," or, stated differently, according to the AAA's rules. Questions regarding "the payment of administrative filing fees, including the consequences that would stem from a party's refusal to pay those fees" must be decided by the AAA, not the court. *Wallrich*, 106 F.4th at 620. Under *Wallrich*, this Court cannot disturb the AAA's decisions by compelling AWH to pay the AAA's fees and arbitrate. "The parties agreed to abide by the rules and procedures of the AAA, and they proceeded through arbitration in accordance with those rules and their consequences." *Id.* at 622.

Further, although Lanter Warehouse has not yet appeared or moved for dismissal, the reason for dismissing Tillman's Section 4 claim against AWH applies equally to Lanter Warehouse. Tillman's underlying claims were arbitrated with the AAA pursuant to the parties' agreement, so his Section 4 claim against both Defendants must be **dismissed** for failure to state a claim.

Even though Tillman cannot compel Defendants to arbitrate, he is not without recourse, as AWH's refusal to pay the AAA's fees "open[ed] the door" for Tillman to pursue his claims in court. *Wallrich*, 106 F.4th at 613; *see Hoeg v. Samsung Elecs. Am., Inc.*, No. 24-1274, 2024 WL 3593896, at *2 (7th Cir. July 31, 2024) ("As in *Wallrich*, the consumers here are not without recourse. They can still bring their substantive claim in an appropriate court."). Tillman may therefore be able to pursue his claims on the merits in an appropriate court. However, any such claims must be pursued in a separate action. This action for relief under Section 4 of the FAA must be dismissed for the reasons discussed above. AWH's Motion to Dismiss is therefore **granted**.

Tillman's Request to Take Judicial Notice (Dkt. 52) and Motion for Default Judgment (Dkt. 70)[1], and AWH's Motion for Leave to Amend Response (Dkt. 63) are all **denied as moot**.

---

[1] The Court notes that on the merits, a default judgment nor sanctions are warranted as the docket does not reflect that service was perfected as to Defendant Lanter Warehouse. *See* Dkt. 65.

### III. CONCLUSION

For the reasons explained above, AWH's Motion to Dismiss (Dkt. 47) is **GRANTED**. Tillman's Request to Take Judicial Notice (Dkt. 52) and Motion for Default Judgment (Dkt. 70), and AWH's Motion for Leave to Amend Response (Dkt. 63) are **DENIED as moot**. This action is **dismissed**.

Final Judgment will issue under separate order.

SO ORDERED.

Date: 11/19/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

BENJAMIN TILLMAN
914 Lucerne Ave
Pensacola, FL 32505

Marek Milosz Grabowski
Katzman & Katzman, P.C.
mgrabowski@katzmankatzman.com